IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| SHERRY WALLIES | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 3:20-cv-00407-JJV |
| | * | |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Sherry Wallies has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because jobs existed in significant numbers she could perform despite her impairments. (Tr. 10-21.) Both parties have submitted briefs and the case is ready for a decision.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Ms. Wallies was forty-six years old at the time of the administrative hearing. (Tr. 33.) She testified she is a high school graduate (*id*.) and has past work as an attendant. (Tr. 20.)

The ALJ[1] found Ms. Wallies had not engaged in substantial gainful activity since June 6, 2019 – the application date. (Tr. 12.) She has "severe" impairments in the form of "Migraine Headaches, Lumbar Spondylosis, Cervicalgia, Mild Degenerative Joint Disease (Cervical), and Bilateral Occipital Neuralgia." (*Id.*) The ALJ further found Ms. Wallies did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 14.)

The ALJ determined Ms. Wallies had the residual functional capacity to perform a reduced range of medium work given her impairments. (*Id*.) The ALJ next determined Ms. Wallies could no longer perform her past work, so he used the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 52-55.) Based in part on the testimony of the vocational expert, the ALJ determined that she could perform the jobs of linen

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

room attendant and dining room attendant – despite her limitations. (Tr. 22.) Accordingly, the ALJ determined Ms. Wallies was not disabled. (*Id*.)

The Appeals Council denied Ms. Wallies request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Ms. Wallies then filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ's residual functional capacity assessment is not supported by the evidence and that the ALJ improperly discounted the opinions of her medical providers, Ronald E. South, M.D. and APRN Fonda Evins. (Doc. No. 12 at 18-23.)

Dr. South completed a Treating Physician's Migraine Headache Form whereby he indicated Plaintiff was extremely limited. (Tr. 401-402.) If fully credited, Dr. South's opinions would likely mean that Plaintiff was disabled. However, the ALJ found Dr. South's unsupported opinions by the other evidence of record. The ALJ stated:

> Dr. South opined the claimant's migraines would interfere with her ability to work, and she would be absent two or more days from work a week. Dr. South's opinion, detailed above, is not persuasive because he only saw the claimant one time, and his opinion is not supported by or consistent with the other medical records. Dr. South did not review any other evidence and it appears as if his opinion was based upon the claimant subjective complaints, and/or is a sympathetic opinion. Furthermore, there was no function-by-function analysis (SSR 96-8p). In addition, his opinion is vague, imprecise, and/or internally inconsistent and/or conclusory with little or no explanation as to why the claimant would miss two or more days a week. Moreover, his opinion is not supported by his own objective clinical/exam findings and no testing was done at all such as CT scan, MRI, etc. His opinion is contradicted by the opinion of others. The DDS opinion were more consistent, were well supported by medically acceptable clinical/lab findings, and were consistent with the record when viewed in their entirety. Dr. South's opinion is also not consistent with the claimant's reported activities of daily living. His opinion is not supported by objective test and/or tests that were not ordered or performed (Ex. 5F) or normal physical exams found at [in the record].

(Tr. 18-19.)

After careful review, I find the ALJ's assessment of Dr. South's Headache Form to be supported by substantial evidence. While I agree with Plaintiff that it appears Dr. South saw Plaintiff on more than one occasion, (Tr. 398), that has no significant impact here. The most compelling part of the ALJ's assessment is his conclusion that Dr. South's opinion appears to be largely based upon Plaintiff's subjective allegations and is not supported by the substantial evidence of record showing "normal" examination results. (Tr. 327, 333, 343, 348, 352-353, 364, 377, 382, 386, 392, 399, 406, 411, 422.)

For the same reasons I find no error with the ALJ's assessment of the Medical Source Statement completed by Ms. Evins. In this case, the ALJ had fair reasons to discount both treating professionals' opinions. The ALJ fairly evaluated these opinions given the overall medical evidence.

Plaintiff also argues that the ALJ erred in concluding her depression was not a "severe" impairment. (Doc. No. 12 at 23-25.) And she suggests the ALJ failed to develop in not determining the effect of her depression on her residual functional capacity. (*Id.* at 24-25.)

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--

>    (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
>    (2) Capacities for seeing, hearing, and speaking;
>    (3) Understanding, carrying out, and remembering simple instructions;
>    (4) Use of judgment;
>    (5) Responding appropriately to supervision, co-workers and usual work situations; and
>    (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

On this issue, the ALJ concluded:

> As for the claimant's non-severe impairment of depression and anxiety, she has some mental conditions, but the medical evidence of record is simply not supportive of the level of limitations that impair her ability to work. It appears that the claimant does well as long as she takes her medications as prescribed. The evidence fails to show that the claimant's daily activities are severely restricted due to emotional causes and there is no significant deficit in her ability to function socially.

(Tr. 13.)

I recognize Plaintiff has been diagnosed with depression. But a diagnosis of a mental impairment does not automatically establish it as a "severe" impairment. *See Gowell v. Apfel*, 242 F.3d 793, 797 (8th Cir. 2001). And I find no evidence to reverse the ALJ on this point.

With regard to development of the record, Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). I find no error here.

I also agree with the Commissioner that it is significant that Plaintiff did not allege disability due to intellectual functioning when applying for disability benefits. (Doc. No. 14 at 5; Tr. 173.) And at the administrative hearing, Plaintiff made no allegation of depression. (Tr. 38-42.)

Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*,

854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Accordingly, the ALJ fully and fairly developed the record here.

Plaintiff has advanced other arguments which I find are without merit. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Ms. Wallies's counsel has done an admirable job advocating for her. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 20th day of August 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE